## JENNINGS (DOWLING), Appellant, v. J. S. POLACK, Respondent.

### No. 501; March 6, 1865.

**Injunction—Dissolution.—The Filing of a Bond After the Expiration** of the time named in an order dissolving an injunction, unless a bond be filed within such time, cannot keep the injunction alive.

APPEAL from Twelfth Judicial District, San Francisco County.

E. L. B. Brooks and Reynolds for appellant; C. Witham for respondent.

See Dowling v. Polack, 18 Cal. 625.

SHAFTER, J.—The complaint states that on the 18th of October, 1854, an injunction issued in Polack et al. v. Jennings et al. and was duly served on the defendants in that suit. That upon the issuing of the injunction an undertaking was

filed signed by L. Franklin and T. Tennent. That on the 12th of May, 1855, it was "ordered that the injunction herein be and the same is hereby dissolved, unless the plaintiffs within ten days file a bond with good and sufficient sureties in the sum of $15,000." That on the 21st of said month a new undertaking was filed signed by Franklin, Tennent and one Ford, in formal compliance with the order, and that the same was excepted to for insufficiency on the same day. That afterward, on the 31st of May, 1855, a new undertaking was filed in lieu of that last above named, wherein Polack was principal and the said Franklin and Tennent were sureties, in the words and figures following, to wit:

"In the District Court of Fourth Judicial District, State of California.

"Joel S. Polack et als.

vs.

Thomas H. Dowling et als.

### "UNDERTAKING ON INJUNCTION.

"Whereas, the above-named plaintiffs have commenced an action in the District Court of the Fourth Judicial District against the above-named defendants, and have applied for an injunction in said action against the said defendants, enjoining and restraining them from the commission of certain acts as in the complaint filed in this action is more particularly set forth and described.

"Now, therefore, we, the undersigned, residents of the City of San Francisco, in consideration of the premises and of the issuing of said injunction, do severally and jointly undertake, in the sum of fifteen thousand dollars, and promise to the effect that in case said injunction shall issue, the said plaintiffs will pay to the said parties enjoined such damages not exceeding the sum of fifteen thousand dollars as the said parties shall sustain by reason of the said injunction, if the said District Court finally decides that the said plaintiffs were not entitled thereto.

"Dated San Francisco, this 30th day of May, A. D. 1855.

"(Signed)    J. S. POLACK.

"LUMLEY FRANKLIN,

"THOMAS TENNENT."

The complaint, after setting out the justification by the sureties, proceeds as follows: "which said last mentioned undertaking was duly delivered, received and substituted for that of the 21st of May, 1855." It is further alleged that on the 28th of April, 1856, the suit was dismissed on motion of the defendants therein, and that judgment was duly entered in their favor, etc. There are other averments in the complaint, but none that have any bearing upon the questions presented.

The complaint was demurred to on the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiffs failing to amend, judgment was entered for the defendants. The appeal is from the judgment.

The judgment, so far as the question raised by the demurrer is concerned, is correct. By the order of the 12th of May a new undertaking with sufficient sureties was to be filed within ten days, and the order was not complied with until after that interval had passed; and as a result the then existing injunction fell in by the very terms of the order. The bond, ultimately filed, is the one on which this action is based. It relates in terms, not to any existing injunction, and could not, for there was none on foot when it was filed, but to an injunction thereafter to be issued—and no injunction was thereafter issued in the suit. True, it is alleged in the complaint that this undertaking was "duly delivered," but that means nothing more than that it was delivered to the clerk; and the allegation that it was "received" imports only that it was received by the clerk; and the averment that it was "substituted for the bond of the 21st of May in fulfillment of the order of May 12th," is bad for two reasons: First, it presents a contradiction in terms; and second, as the one bond could be substituted for the other only by stipulation or by a court's order, the allegation states nothing but a conclusion of law.

In so far as the allowance of costs is concerned, we cannot get at the question, inasmuch as the affidavit objected to is not made a part of the record by statement.

Judgment affirmed.

We concur: Sawyer, J.; Currey, J.; Rhodes, J.